## Wells *v.* Hatch.

The lien of an attorney does not attach until judgment is rendered. It extends only to the taxable fees and disbursements in the cause. It does not include counsel fees, nor incidental expenses not taxable.

Books of account are admissible, although kept in ledger form.

The interest of a party in interest may be released, or assigned, so that he may become a competent witness, even against an administrator.

This was an action of assumpsit, commenced by J. S. Wells, deceased, and prosecuted by his executors, Henry B. Wells, and others. The plaintiffs claimed to recover $62.55, being the amount of his fees, costs, and disbursements in the suit *S. Gordon* v. *B. S. Clifford*, in which judgment was rendered at the February term of the court of common pleas, in 1855. On this judgment Mr. Wells claimed to have a lien as attorney for the plaintiff. After judgment ordered in the action, Mr. Hatch wrote to Mr. Wells as follows:

"Portsmouth, June 29, 1855.

My Dear Sir: Mr. A. H. Hoyt has appointed Monday next, July 2, at his office, at 8 o'clock A. M., to settle the bills of cost in *Gordon* v. *Clifford*. You know all about the matter. I know nothing. Will you, therefore, have the goodness to attend and settle the matter. The taxation and evidence I have sent to Mr. Hoyt.

You may regard this as my agreement that I will take the execution and collect it, and from the proceeds pay the bill, for which you have a lien on the judgment. If you desire a more specific agreement, please notify me, and I will prepare and sign such a one.

I am truly yours,                    Albert R. Hatch.
Hon. John S. Wells, Exeter."

Mr. Hatch collected on the execution more than the amount claimed by Mr. Wells.

At the trial it appeared that Mr. Wells and Mr. Hatch were attorneys and counselors of the court. Mr. Wells had prosecuted the suit of *Gordon* v. *Clifford* from its commencement till August 3, 1853, and recovered of Mrs. Gordon, agent, the amount of his fees and charges to that time. The suit of *Gordon* v. *Clifford* continued in court till February term, 1855; and this action is brought to recover for the fees and charges of Mr. Wells from August, 1853, to the time of the judgment.

At the November term, 1854, Mr. Hatch appeared as attorney for Mrs. Gordon, and, at the next term, signed the agreement for judgment in her behalf; and thereupon Mr. Wells entered upon the docket a claim of a lien upon the judgment for his fees.

To prove their claim, the plaintiffs offered an account of the deceased, containing charges against Mrs. Gordon, entered in ledger form, for counsel-fees, and a small amount paid out in the cause to the amount claimed. And one of the executors testified that this was the account book of the deceased, and the entries were in his hand-writing.

The defendant objected to its admission, because of the form, and because an attorney has no lien for counsel-fees. The book was

excluded because the plaintiff, if entitled to recover, can recover only taxable costs and disbursements.

The defendant offered evidence tending to show that August 3, 1853, Mrs. Gordon discharged Mr. Wells from acting as her attorney, requested him not to appear further for her, and demanded of him the papers in the case, and that he did not afterward render her any service; that she then employed Mr. Hatch to take charge of her suit against Clifford, and he took the sole charge of it, and Mr. Wells did not assist in taxing the costs.

Mr. Wells' name remained on the docket, as attorney for Mrs. Gordon, till the end of the case, and no other name was so entered till the term before judgment.

The defendant offered one Scammon as a witness. The plaintiffs objected to him, as the party in interest in the suit. He executed a release or assignment of any supposed interest he might have in the suit, and was permitted to testify.

The court charged the jury that an attorney is entitled to a lien for his taxable costs and disbursements only, and that they might consider the fact that Mr. Hatch was attorney for Mrs. Gordon, as bearing upon the question, and determine which attorney, if either, was entitled to the lien. The plaintiffs moved to set aside the verdict for the defendant, for supposed errors in these rulings.

*Wilcox*, for the plaintiffs.

*Hatch*, for himself.

BELL, C. J.   A party to a suit has the right to discharge his attorney when he pleases, and the attorney thus discharged has no right to charge for his services afterward. Notice to the adverse party is necessary to terminate the relation, so far as he may be concerned; and it may be evidence for such party that a person still remains attorney, that his name remains on the docket as such. But, as between the party and his agent, the relation is terminated by a discharge, and neither rights nor duties continue to exist between them, in relation to further proceedings in the cause.

Every attorney has a lien upon a judgment which he has recovered as such for his client, to the amount of his taxable fees and disbursements only. He has no claim for counsel-fees, commissions, or any claims against his employer, however just in themselves, beyond that limited amount. *Shapley* v. *Bellows*, 4 N. H. 347; *Wright* v. *Cobleigh*, 21 N. H. 339; *Young* v. *Dearborn*, 27 N. H. 324; *Currier* v. *Boston & Maine Railroad*, 37 N. H. 223.

If an attorney actually collects the amount of a judgment, his lien is satisfied to the amount of his taxable fees and disbursements, and he receives that amount as his own money; the residue he receives as the money of his client. And if any action is brought against him for its recovery, he may avail himself of his just claims for counsel-fees and commissions, and of any other just debts, to defeat the action. This, however, results not from the law of lien, but from the law of set-off.

Mr. Hatch agreed to take the execution and collect it, and from the proceeds to pay the bill for which Mr. Wells had a lien on the judgment. To recover under this agreement, Mr. Wells or his representatives must prove the existence of such a bill and of such a lien. These facts being shown, no lien of Mr. Hatch, if he had any, would be of any importance.

It is not contended that Mr. Wells' estate has any claim of an earlier date than August, 1853, which was the time when, as is alleged, Mrs. Gordon discharged him from her service. If that fact was established, then no debt and no lien would be created by any thing which Mr. Wells might do in relation to her case without a new retainer, of which no evidence was offered.

The whole question depended, then, on the fact of a discharge. If that was proved, it was a perfect answer to the action. That was submitted to the jury, and has been settled by them.

The book account of Mr. Wells was offered in proof of his claim, with the usual evidence by the executors that it was his book of accounts, and that the entries were in his hand-writing. It was objected to, because it was kept in ledger form, and because the charges were for counsel-fees, for which an attorney has no lien.

It is settled here that it is not necessary that a book account should be kept in any particular form, though it may affect its credit that it is kept in such form ; that all the entries might be made at one sitting. *Cummings* v. *Nichols*, 13 N. H. 420 ; *Jones* v. *Jones*, 21 N. H. 219. It was manifestly not for this cause that the book was rejected, but because the book contained no charges upon which any lien could arise. A single item for cash paid is suggested as an exception ; but it does not appear that this was for any taxable cost or disbursement on which there could be a lien on the judgment. The book was, therefore, properly rejected, because it contained no charges which were involved in the issue between the parties.

Objection was made to Scammon as a witness, on the alleged ground that he was a party in interest in the suit. It seems no evidence of such interest was offered or required ; but it was shown that he had executed a release or assignment of any supposed interest he might have in this suit, and he was permitted to testify. We think it must be taken that he had some interest in the action, or no release would have been offered. The release has not been presented to us, and we can only gather from the argument what it might have been. A release of the fund in controversy to Mr. Hatch would terminate any interest he might have, and an assignment in proper form to a third person would have the same effect.

Upon the case as stated, we feel bound to assume that the release, which the court regarded as sufficient, was really so, until the contrary appears.

It can hardly be regarded as a question, that if Scammon was in fact the party in interest, he could not be permitted to testify against the objection of the administrator of the original adverse party. And it does not seem from the case, that any decision was made on that point.

The jury were instructed that they might consider the fact that Mr. Hatch was attorney for Mrs. Gordon, as bearing upon the question, and determine which attorney, if either, was entitled to the lien. It was certainly a point deserving to be considered, whether at the time the judgment was rendered Mr. Wells was the attorney, or Mr. Hatch. No lien was acquired till judgment was rendered, as was decided in *Young* v. *Dearborn*, before cited, and the lien was acquired by the person who was then attorney, and not by one who had previously ceased to be such; and we are therefore unable to see any objection to this instruction.

The exceptions are overruled, and there must be

*Judgment on the verdict.*